UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| FREDRICK D. HARRELL, Plaintiff | CIVIL DOCKET NO. 1:19-CV-381-P |
| VERSUS | JUDGE DRELL |
| JAMES LEBLANC, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

**REPORT AND RECOMMENDATION**

Before the Court is the civil rights Complaint and Amended Complaint (Docs. 1, 10) under 42 U.S.C. § 1983 filed by *pro se* Plaintiff Fredrick D. Harrell ("Harrell") (#121643). Harrell is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana ("RLCC"). Harrell complains that he was denied adequate medical care and forced to work in violation of the Constitution and laws of the United States.

Because Harrell cannot establish that he suffered a constitutional violation, his Complaint and Amended Complaint (Docs. 1, 10) should be DISMISSED.

**I.  Background**

Harrell alleges that he "fell down and twisted his knee" while picking up trash along a highway. (Doc. 10, p. 1). Harrell advised his supervisor, Sgt. Reid, about his injury, but Sgt. Reid instructed Harrell to return to work. (Doc. 1, p. 3; Doc. 10, p. 1).

The following day, Harrell made a sick call and was examined by a nurse. (Doc. 10, p. 2). Harrell was provided Tylenol for seven days and "was forced to return to work." (Doc. 10, p. 2).

Harrell made a second sick call five days later. He was examined by another nurse and referred to the physician. Harrell complains that he did not receive a duty status and had to return to work. (Doc. 10, p. 2).

Harrell made a third sick call nine days later. (Doc. 10, p. 2). Harrell was examined by the nurse and provided seven days of ibuprofen. Harrell received a 48-hour "no-duty work status." (Doc. 10, p. 2).

Six days later, Harrell returned to the infirmary complaining of his knee injury. The nurse provided Harrell with a knee sleeve. (Doc. 10, p. 2). The following day, the nurse provided Harrell with a seven day "no-duty" work status. (Doc. 10, p. 2).

Three weeks after his fall, Harrell was examined by a physician who ordered an MRI and x-ray. Harrell was required to return to work one week later "even though it was clear that his leg was swollen and injured." (Doc. 10, p. 2).

Harrell does not allege that he requested any additional medical treatment or that the MRI or x-ray revealed any physical injury.

II. Law and Analysis

    A. Harrell's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Harrell is a prisoner who has been granted leave to proceed in forma pauperis. (Doc. 8). As a prisoner seeking redress from an officer or employee of a governmental

2

entity, Harrell's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding in forma pauperis, Harrell's Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

B. Harrell cannot show deliberate indifference to serious medical needs.

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with "deliberate indifference" to the serious medical needs of prisoners. See Farmer v. Brennan, 511 U.S. 825, 834, (1994); Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical

needs." Domino v. Tex. Dep't Crim. J., 239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Harrell has not presented factual allegations indicating that Defendants ignored his complaints, refused to treat him, or intentionally treated him incorrectly. Harrell was treated in the infirmary for each request, provided pain relievers and a brace, referred to and examined by a physician, and received diagnostic testing. (Doc. 10, pp. 1-2). To the extent that Harrell disagrees with the treatment he received, he fails to state a constitutional claim. A prisoner's disagreement with prison officials regarding medical treatment is insufficient to establish an unconstitutional denial of medical care. See Norton v. Dimanzana, 122 F.3d 286, 292 (5th Cir. 1997); Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Although Harrell complains that he was required to work, he does not allege that Sgt. Reid violated his duty status. Harrell disagrees with the duty status determinations made by the medical department. However, a disagreement with medical classification does not amount to a constitutional claim. See Thomas v. Carter, 593 F. App'x 338, 343 (5th Cir. 2014) (citing Winston v. Stacks, 243 F. App'x 805, 807 (5th Cir. 2007)); Williams v. Goodwin, 16-cv-315, 2016 WL 4046837, at *2 (W.D. La. June 30, 2016), report and recommendation adopted, 2016 WL 4033254 (W.D. La. July 26, 2016); Dubose v. Batson, 09-cv-082, 2012 WL 730479, at *3 (W.D. La. Feb. 3, 2012), report and recommendation adopted, 2012 WL 730521 (W.D. La. Mar. 6, 2012).

## III. Conclusion

Because Harrell cannot establish that he suffered a constitutional violation, IT IS RECOMMENDED that Harrell's Complaint and Amended Complaint (Docs. 1, 10) be DENIED and DISMISSED WITH PREJUDICE under § 1915(e)(2)(b) and § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this  29th  day of July 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE